## McCARROLL ET AL ADS. VS. STAFFORD.

*According to repeated decisions of this court, a party failing to make an errone-
ous instruction of the court a ground of his motion for a new trial, will be con-
sidered as having waived or abandoned it.*

*Where the verdict of the jury is without evidence, or directly contrary to the
evidence, it will be set aside and a new trial granted.*

*On the plea of not guilty in an action of trover, the issue is sustained by proof that
the defendant took the plaintiff's property without authority and sold it ;
evidence tending to show the motives of the act, as that the owner having left
the property liable to waste and destruction, he acted for his benefit, is foreign
to the issue.*

*Appeal from Yell Circuit Court.*

Hon. THOMAS BOLES, Circuit Judge.

CLARK, WILLIAMS & MARTIN, for appellants.

OF THE STATE OF ARKANSAS. 225

TERM, 1866.]                McCarroll et al. ads. vs. Stafford,

Admitting that, as the erroneous instructions of the court were not made the ground of the motion for a new trial, they are not to be considered in this court, the only question is, whether the verdict is without evidence. We submit that the verdict is a palpable and direct violation of law and evidence; that the facts of the taking and sale of the property are clearly and positively proven; that the motives of the defendant, the honesty of his intentions, the fiduciary character assumed without authority, can avail him nothing in this suit.

W. N. MAY, for the appellee.

It is contended on the part of the appellee that the evidence was sufficient to warrant the jury in finding the verdict they did. A civil war, of which this court will take judicial notice, and no courts being then held, the property was wasting and liable to be totally destroyed; that it was entirely abandoned, and the request of the only person interested, was sufficient authority to him to preserve and sell it, and that he should not be held responsible for the subsequent loss, without his fault, of the proceeds.

There being evidence upon which the jury might pass, this court will not disturb their verdict. 14 *Ark.*, 419; 21 *ib.*, 306; 22 *ib.*, 213.

Mr. Chief Justice WALKER delivered the opinion of the court.

This is an action of trover and conversion, brought by the appellants, as administrators of the estate of Thomas Reagan, deceased, against William J. Stafford, for having taken and converted to his own use ten bales of cotton, the property of plaintiffs' intestate. The general issue was plead, and the case submitted to a jury, who, after hearing the instructions of the court, upon consideration, returned a verdict for the defendant, upon which judgment was rendered. And thereupon, the plaintiff moved the court to grant them a new trial:

First. Because the jury found contrary to evidence.

Second. That the jury were instructed by the court that if they

believed from the testimony, that the defendant, W. J. Stafford, took the said cotton, or property in question, without the consent and authority of the owner, and converted the same to his own use, they should find for the plaintiff, which said finding by the jury was in this contrary to the law of the case as given by the court.

Third. That said finding was shocking to the sensibilities of all persons, and contrary to every principle of the law in such case, and wholly contrary to the evidence adduced.

The court overruled the motion for a new trial, and the plaintiffs excepted and and tendered their bill of exceptions containing the evidence and the instructions of the court, which was duly made part of the records in this case.

Upon examination of the several instructions given by the court as well as those asked by the plaintiffs and refused to be given, we feel satisfied that the court erred, particularly in the second instruction asked by the defendant, which was "That if the jury believe from the evidence, that the defendant, in the absence of any one authorized by law to take possession of the cotton, took the same in the capacity of a fiduciary and not for his own use, and the same, without being disposed of, would have been lost or destroyed and valueless to the estate, and in good faith sold the cotton, and was afterwards robbed of the proceeds of said sale, they should find for the defendant." But though the plaintiffs objected to the giving of this instruction, as well as to the ruling of the court refusing to give an instruction asked by the plaintiffs, as they have failed to make this a ground for granting a new trial, according to the repeated adjudications of this court, they cannot avail themselves of any benefit from such erroneous decisions, upon appeal or error to this court. By their omission to make these part of the grounds of their motion for a new trial, they are considered as having waived or abandoned them, and we are limited, in our range of investigation in this case, to the correctness of the decision of the court upon the grounds set forth in the motion for a new trial; which are first, that the jury found contrary to, and without suf-

ficient evidence : second, that they found contrary to the instruc-
tions of the court ; third, the finding was such as to shock our
sense of right.

The decisions of this court upon the questions presented by the
state of case before us, are numerous, and the questions too well
settle to require more at our hands than to examine the evidence
and see whether in view of a settled rule of practice, a new trial
should have been granted in this case or not.

The plaintiffs proved, by the admissions of the defendant and
other evidence, that defendant took between five and ten bales
and parts of bales of cotton, belonging to the estate of the intes-
tate, Reagan, and sold the same for the sum of nine hundred and
seventy-nine dollars and fifty cents : that at the same time the
defendant admitted that he took the cotton, he stated that the
money arising from the sale of the cotton, was stolen for him by
soldiers attached to, or persons accompanying the federal army, in
a short time after he received it. The defendant then introduced
evidence and proved that the cotton taken by him, belonging to
the estate of Thomas Reagan, the plaintiffs' intestate, was in a
condition liable to be wasted, was unfenced, and fed on by the
cattle : that part of the cotton bales were half eaten up by the
cattle and destroyed, and unless taken care of would likely have
been a total loss to the estate : that the cotton was abandoned by
Reagan's family, who had left the premises : that the country was
in a state of war, without courts : that there was no person
authorized by law to take charge of the cotton, for the benefit of
the beneficiaries of the estate, and that defendant took charge of
it at the request of the only heir of the estate : that soon after the
money was stolen from him, he applied to a federal officer to have
search made for the money, which was refused. This is substan-
tially, indeed almost literally, the evidence in the case, and upon
consideration of which the jury found the issue for the defendant.

The question is, under this state of case, for the reasons set forth
in the motion for a new trial, should the court have set aside the
verdict and granted the plaintiffs a new trial ?

The rule governing cases of this kind is, that where there is not a total lack of evidence to warrant the finding of the jury, at least upon some material allegation, without proof of which, the party would not be entitled to recover, the verdict of the jury will not be set aside in order to give the party the benefit of a new trial. As an illustration of this rule, may be cited the case of *Bailey vs. Ellis*, 21 *Ark. Rep.*, *p.* 488, where in an action of replevin for cotton, there was no evidence whatever of the value of cotton, and, value being essential to a recovery, the jury had no evidence touching the value, to be wieghed by them, and the verdict was accordingly set aside, and a new trial ordered. If, however, there had been any evidence of such value, we would have left them to weigh the evidence, and determine the value of the cotton. The familiar and well established rule then is: that this court will not reverse the decision of the circuit court for having refused to grant a new trial, upon a mere question of the weight or preponderance of the evidence, but only in cases where they find without evidence, or directly contrary to evidence, unless in extreme cases, where the verdict is so palpably contrary to evidence as to shock our sense of right and justice.

Guided by this rule in determining the case before us, there can be no doubt that the verdict of the jury was wholly unwarranted by the evidence. There was no conflict of evidence whatever, nor was there any lack of full and conclusive evidence upon all the allegations put in issue. The action was trover: the plea was not guilty: the proof was that the cotton was the property of the plaintiffs' intestate, that it was taken by the defendant without authority or color of title, and converted by sale for the sum of nine hundred and seventy-nine dollars and fifty cents. This was the plaintiffs' proof; and by reference to that introduced by the defendant, it will be perceived that so far from contradicting, it but repeats that which the plaintiff had proven. The further evidence introduced, tending to show that the cotton was exposed to waste, had been left by the owner, in time of war, and being in that situation, was taken by him and sold, and the

money received stolen, was altogether foreign to the issue. The cause of action was complete when the defendant (a mere trespasser) took and converted the property to his own use. The motives which may have impelled him to do so, in no wise changed his liability, because when the property was taken and carried off without authority, it was in law a conversion, and the right of action in the plaintiffs as administrators was complete, no matter whether the defendant afterward sold the cotton or not, or what he received for it, only so far as the amount for which the cotton was sold tended to prove its value.

Under all the circumstances of the case, we think it quite probable, that the jury would not have found a verdict for the defendant but for the erroneous instructions given them by the court, but which, owing to the omission of counsel to insert that as one of the grounds for a new trial, we will not in this case consider. But be this as it may, we are satisfied that the verdict was not only rendered without evidence to sustain it, but directly against the most clear and conclusive evidence, in regard to which there was no conflict. Such being the case, the circuit court erred in overruling the plaintiffs' motion for a new trial.

Let the judgment of the Yell circuit court be reversed, and the cause remanded with instructions to grant to the plaintiffs a new trial, and for further proceedings therein according to law.