(Decided 11th February, 1887.)

---

ALEXANDER H. ROBERTSON, Trustee *vs.* GEORGE R. MOWELL, Executor of EMMA MOWELL.

*Will— Construction.*

A testatrix devised to her brother for life the farm on which she lived; and should he desire to move upon the farm, her trustee was directed to give him the stock, implements, &c., necessary to carry on the farm, the same to be selected by him; but should he not desire to move upon the farm, the trustee was directed to sell the farming implements, stock and other articles, which he, the brother, might not desire to keep, and invest the proceeds for the benefit of the trust declared in the will. The testatrix died on the 28th of February, 1881, and her brother died on the 5th of December following. The brother never moved upon the farm, never

took possession of it, and never made any selection of the stock, implements, &c., necessary to carry on the farm. HELD:

That inasmuch as the brother did not move on the farm, and did not make a selection of the stock, implements, &c., said property constituted a part of the trust estate of the testatrix.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The petition in this case was filed by Alexander H. Robertson, trustee, for the purpose of ascertaining the true construction of the sixth clause of the second codicil of the will of the late Ella V. Davis, which contains the following provision: "If my brother Joseph, should desire to move upon my farm, my trustee is to give to him all the stock, implements, &c., necessary to carry on the farm, which he, Joseph may select, otherwise, my trustee may sell all the farming implements, horned cattle, horses, mules and other articles which my brother Joseph, may not desire to keep, and invest the proceeds for the benefit of the trust he holds." The Court below (FOWLER, J.), was of opinion, notwithstanding some conflict in the testimony, that the legatee, Joseph W. Mowell, did desire to move upon the farm, and was only prevented from taking possession of the same by the adverse holding of the husband of the testatrix; and that the said Joseph took an absolute interest and title in the farming implements and other personal property in said codicil mentioned, and which were placed in his possession by the administrator *c. t. a.* with the approbation of the trustee. In accordance with the opinion of the Court, a decree was passed dismissing the petition of the trustee. From this decree the trustee appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J.

*W. L. Marbury* and *Alex. H. Robertson,* for the appellant.

Robertson, Trustee *vs.* Mowell, Ex'r.

*Charles E. Hill,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The testatrix devised to her brother, Joseph W. Mowell for life the farm on which she lived, known as "Ellenham;" and should he desire to move upon the farm, she directed her trustee to give him the stock, implements, &c., necessary to carry on the farm, the same to be selected by him.

The testatrix died 28th February, 1881, and her brother Joseph, died 5th December following.

It is doubtful, to say the least, whether her brother ever intended to move upon the farm. To some of the witnesses he at various times said, that nothing could induce him to live on the place—that he would die in two weeks of the blues and horrors; while to others he expressed an intention of moving upon it, so soon as he could make the necessary and proper arrangements. He never did, however, move upon it, nor did he take possession of it, nor did he make any selection of the stock, implements, &c., necessary to carry on the farm. Both the farm and the personal property on it, including the stock, &c., were, upon the death of the testatrix, claimed by her husband, and the stock and implements, &c., were, pending the litigation, placed in the possession of Henderson, an employé of Joseph Mowell.

Now, although the language of the will is, "if my brother Joseph should desire to move upon my farm; my trustee is to give to him all the stock, implements, &c., necessary to carry on the farm," it is clear the testatrix meant to give him the stock, &c., provided he did in fact move upon it, because in that event he would need them to cultivate it—otherwise she directed the stock, &c., to be sold by her trustee, and the proceeds of sale to be held subject to the trust declared in the will.

Inasmuch then as her brother did not move on the farm, and did not make a selection of the stock and implements,

&c., we are of opinion that said property constitutes part. of the trust estate of the testatrix.

The decree below will be reversed and the cause re--manded.

> *Decree reversed, and*
> *cause remanded.*

(Decided 18th February, 1887.)