MOOREHOUSE v. HAMMOND, Director of Registration.

No. 3860.   Decided October 4, 1922.   (209 Pac. 883.)

1. PHYSICIANS AND SURGEONS—ORDINANCE REQUIRING GREATER DUTIES THAN STATUTE RELATING TO REVOCATION OF PHYSICIAN'S LICENSE HELD INVALID.  Where Comp. Laws 1917, § 4448, as amended by Laws 1921, c. 91, defines the acts or omissions on the part of a physician which would authorize the revocation of his license, an ordinance, in the absence of statutory authority, cannot impose greater or different duties in that respect.[1]

2. MUNICIPAL CORPORATIONS—ORDINANCE FOR WHICH NO PENALTY PROVIDED WITHOUT FORCE.  Where an ordinance does not prescribe a penalty for its violation, the courts are powerless to enforce it.

3. INDICTMENT AND INFORMATION—FAILURE OF PHYSICIAN TO REPORT INFECTIOUS DISEASE "IN WRITING" NOT AN OFFENSE.  Where the complaint alleged that accused, a physician, in violation of an ordinance, willfully failed to report in writing a case of infectious disease, defendant could not be convicted under Comp. Laws 1917, § 4448, as amended by Laws 1921, c. 91, merely requiring a physician to report the existence of such a case.

Original application for a writ of certiorari by Charles V. Moorehouse to be directed to James T. Hammond, Director of Registration.

WRIT ISSUED.

[1] Tooele City v. Hoffman, 42 Utah, 596.

*A. W. Agee*, of Ogden, for plaintiff.

*Harvey H. Cluff*, Atty. Gen., and *L. A. Miner*, Asst. Atty. Gen., for defendant.

FRICK, J.

. On August 30, 1922, the plaintiff made application in due form to this court for a writ of certiorari to be directed to the defendant as director of registration requiring the latter to certify up the proceedings in a certain matter in which the defendant, as director of registration, made and entered an order in which he revoked and annulled the license theretofore granted and issued to the plaintiff to practice medicine and surgery in this state, which order the plaintiff alleged to be in excess of the defendant's jurisdiction, and for that reason should be set aside. The writ was duly issued and served upon the defendant, and in compliance therewith he has certified the record of the proceedings had before him in the matter aforesaid to this court.

Upon the record being certified to this court the plaintiff moved for judgment in his favor upon the proceedings certified as aforesaid. The cause was duly argued and submitted to this court by counsel for the respective parties upon the motion aforesaid.

From the record of the proceedings had before the defendant it appears that a complaint in writing was duly filed in the office of the defendant as director of registration, in which it was charged that the plaintiff—

"while practicing under said license, has been guilty of 'unprofessional conduct' * * * in the following particulars: That the said Chas. V. Moorehouse willfully failed to report in writing to the health officer the existence of a case of infectious disease which he was treating at Junction, Piute county, on the 14th day of February, 1920. In further support of this allegation the complainant alleges that a complaint was made before the justice of the peace of the town of Junction, in Piute county, state of Utah, charging him with the said offense, and that he, the said Chas. V. Moorehouse, was duly arrested under a warrant issued on the said complaint and brought into court on the 31st day of March, 1920, and

he then and there pleaded guilty to the said charge and was adjudged guilty by the court and ordered to pay a fine of $25. The complainant therefore requests that a citation be issued requiring the said defendant to show why his license to practice medicine and surgery should not be revoked."

Upon the foregoing complaint a hearing was had before the defendant and a committee of physicians, as provided by our statute. The committee, after hearing the evidence, made their report or recommendation to the defendant in the following words:

"We, the committee designated by the director for that purpose, report that we have heard the evidence submitted in the proceedings in this department to revoke the license of Charles V. Moorehouse, and from such evidence we find that the said Charles V. Moorehouse is guilty of unprofessional conduct as charged in the complaint filed herein, and we recommend that his license to practice medicine and surgery be revoked by the department."

The defendant, in pursuance of such recommendation, entered the following order:

"Under the findings and recommendation of the committee and under the provisions of the statute it is hereby ordered that the license to practice medicine and surgery in the state of Utah issued to Dr. Charles V. Moorehouse on the 6th day of July, 1911, by the State Board of Medical Examiners and numbered 689, be, and the same is hereby, revoked and canceled."

Considerable evidence was produced at the hearing before the defendant, which it is not necessary to set forth. We shall, however, in the course of this opinion, refer to such portions thereof as are deemed material.

From the original complaint filed against the plaintiff before the defendant it is made to appear that the plaintiff had been charged with the same offense before a justice of the peace and had pleaded guilty to such charge, and, in pursuance of such plea, the justice adjudged that he pay a fine of $25. The judgment of conviction entered in such justice's court was produced before the defendant and said committee as evidence that the plaintiff had been charged in said justice's court with the offense of unprofessional conduct, and that by entering a plea of guilty he had confessed or admitted his guilt.

It will be observed that the real charge preferred against the plaintiff both in the justice's court and before the defendant is that he had "willfully failed to report in writing to the health officer," etc. In view that the plaintiff was charged with the violation of a certain ordinance, it becomes important to consider the language of the same. The ordinance reads as follows:

"It shall be the duty of every physician in this town to report to the president, in writing, every person who is affected with any contagious or infectious disease, such as cholera, diphtheria, yellow fever, scarlet fever, typhoid fever, whooping cough, measles, mumps, smallpox, varioloid, or any of the grades of such diseases immediately after he shall be satisfied of the nature of the disease, and to report to the same officer every case of death from any of said diseases immediately after it occurs."

In this connection it also becomes important to keep in mind our statute upon which the aforesaid ordinance was predicated and upon which the defendant relies to sustain his order revoking plaintiff's license to practice medicine and surgery in this state. Comp. Laws Utah 1917, § 4448, as amended by chapter 91, Laws Utah 1921, so far as material here, defines what shall constitute "unprofessional conduct" authorizing the revocation of a physician's license as follows:

"Willful violation of the law in regard to the registration of births and deaths and the reporting of infectious diseases."

In another section (2726) the duty imposed upon physicians and surgeons respecting contagious diseases is stated thus:

"All physicians and other persons having knowledge of the existence of any contagious or infectious disease, or having reason to believe that any such disease exists, are hereby required to report the same forthwith to the local board of health."

It will thus be seen that, while the statute merely requires a physician to report "the existence of any contagious or infectious diseases * * * to the local board of health," the ordinance to which reference has been made, and which was the basis of the charge against the plaintiff both before the justice of the peace and the defendant, required that a report be made "in writing." The ordinance therefore required more from the physician than did the statute. While the

cities and towns, including boards of health, in this state are
given ample power to pass and enforce ordinances and to
promulgate and enforce rules and regulations respecting the
public health and to require certain things to be done in case
of contagious and infectious diseases, yet where, as here, the
statute specifically defines what act or acts of commission or
omission on the part of a physician shall constitute
"unprofessional conduct" authorizing the revocation
of his license to practice medicine, an ordinance, in the
absence of express statutory authority, cannot impose greater
or different duties in that regard than the statute imposes.
This court, in *Tooele City* v. *Hoffman,* 42 Utah, 596, 134 Pac.
558, held that, where the statute merely authorized the im-
position of a fine for a particular offense, an ordinance might
not impose a fine and imprisonment as punishment for the
same offense, but must be restricted to the penalty authorized
by statute.

However, if it were held that the ordinance in question here
and upon which the charge against the plaintiff was predi-
cated could impose the duty of reporting contagious and in-
fectious diseases in writing, yet the ordinance, for other rea-
sons, is wholly without force or effect. By reference to the
ordinance it will be seen that it does not declare a refusal or
omission to make a report unlawful; nor does it impose any
penalty or punishment for such refusal or omission. The
ordinance therefore merely amounts to a direction to the
physician to make a report. In view that it does not de-
nounce the omission or failure to report as unlawful
nor impose any penalty or punishment for a failure
to make a report the ordinance is clearly unenforce-
able. The imposition of the fine by the justice was therefore
clearly beyond his power and constituted manifest usurpation.

Courts cannot impose penalties unless authorized by stat-
ute. Neither can they impose other or different penalties
than those authorized by statute. The courts have had fre-
quent occasion to pass upon such matters. The Supreme
Court of California, in *People* v. *McNulty,* 93 Cal. 427, 26
Pac. 597, states the law thus:

"A description or definition of an act necessary to constitute a crime does not make the commission of such acts a crime, unless there is a punishment annexed. Punishment is as necessary to constitute a crime as definition. * * *"

It was accordingly held in that case that a statute which does not impose a penalty is unenforceable. The same question was before the same court again in *Matter of Ellsworth,* 165 Cal. 677, 133 Pac. 272, where an ordinance relating to the regulation of the sale of intoxicating liquors was in question. The ordinance in that case, as in the case at bar, failed to impose any penalty or punishment for its violation, and it was again held that the ordinance was without force or effect.

In *New Orleans* v. *Stein,* 137 La. 652, 69 South. 43, the defendant was convicted of violating the provisions of a certain ordinance relating to the public health. The defendant appealed from the conviction, contending that, in view that the ordinance under which he was convicted failed to impose a penalty or punishment, the sentence imposed by the court was illegal and void. The court sustained the contention. The law is clearly stated in the headnote as follows:

"There are in this state no crimes or offenses except such as are created by statute or ordinance, and a court is powerless to impose a penalty not prescribed by a statute or an ordinance; and hence a statute or ordinance making it a crime or offense to do a certain act, without attaching a penalty to the doing of such act, is inoperative, and incapable of being given any effect by the courts."

The same question was before the Supreme Court of Florida in the case of *Cribb* v. *State,* 9 Fla., where, at page 418, after referring to the statute under which the conviction was had, the court said:

"But the difficulty of sustaining the conviction and judgment under this count is that, although it [the statute] enjoins or forbids the resident from holding the license, no penalty or remedy by indictment is prescribed. * * * The statute that creates the offense has not prescribed the penalty."

It was accordingly held that the judgment of conviction was illegal. It is not necessary to pursue the question or the authorities further. It must be manifest to every lawyer that crimes can only be created by the Legislature or by its express authority, and that, unless a criminal statute or ordinance

prescribes a penalty for its violation, the courts are power-less to enforce the same. The judgment of the justice's court, which was produced in evidence at the hearing before the defendant and the committee of physicians, was therefore without force or effect, and the recommendation or report of the physicians to the defendant, being based thereon, was like-wise without any legal force or effect. In view, therefore, that the recommendation or report of the physicians fails, it follows as a necessary corollary that the order of the defendant based thereon revoking the license of the physician must likewise fail and must be held without legal force or effect.

It is contended by counsel for the defendant, however, that although the conviction under the ordinance fails, the order of the defendant revoking the plaintiff's license should nevertheless be upheld for the reason that the plaintiff has failed to comply with the provisions of the statute in that he failed to make a report "to the local board of health." The record of the proceedings certified up shows that a member of the board of trustees of the town in which plaintiff practiced, who was a witness at the hearing, testified that he was the author-ized quarantine officer of the town aforesaid; that he was present at the house of the afflicted person, and that the plaintiff informed the witness as the quarantine officer of the town and a member of the board of trustees that the patient was afflicted with small pox; that immediately upon receiving such information the witness put up a sign quarantining the house in which the patient was confined. There is neither dispute nor conflict respecting the facts thus testified to by the witness aforesaid. No doubt the principal purpose of the statute requiring that a report of contagious and infectious diseases be forthwith made to the local boards of health is that the afflicted person may be properly quarantined and the public warned so that contact with the diseased person may be avoided and the spread of the contagion or infection pre-vented. All this was clearly accomplished in this case by plaintiff's report to the member of the town board who was the quarantine officer, and whose duty it was to act, which

he did by quarantining the house in which the afflicted person was.

But, quite apart from all this, what the plaintiff in fact was charged with was that he had "willfully failed to report in writing to the health officer the existence of a case of infectious disease, which he was treating," etc. The statute does not require a report in writing, but merely requires that a report be made. We have already pointed out that the evidence is without conflict that a report was in fact made to a member of the town board who was then quarantine officer. The provisions of the statute were thus substantially complied with, and that is all that the law requires. Under our system of jurisprudence the penalties prescribed in criminal statutes can be imposed and the privileges of the accused can be forfeited only in cases where it is clear that the provisions of the law have been violated. Courts cannot add terms or conditions, much less impose penalties not expressly authorized by the statute. Nor can an accused person be convicted of an offense other than the one stated in the complaint filed against him. In view, therefore, that in this case it appears that the plaintiff was charged with having failed to report in writing, he cannot be convicted unless he failed to so report. Moreover, inasmuch as the statute required him to report the existence of the disease only, and the evidence being conclusive that he did report the same to the quarantine officer, who was also a member of the town board, and that the patient was quarantined and the principal purposes of the statute thus accomplished, the order revoking the license finds no support in the law, and therefore cannot be permitted to stand.

In concluding this opinion we desire to add that we are very reluctant to interfere with the orders of the boards of health in carrying into effect the rules, regulations, and ordinances relating to the prevention of disease and the protection of the public health. In enforcing such rules, regulations, and ordinances the boards of health are exercising the highest functions of government, and they should not be interfered with unless it is clear that they have exceeded the

bounds of their authority. Where, however, as here, the rights of a citizen have been invaded and he has been condemned without authority of law and has had his license to practice his profession revoked, we have no alternative save to correct the wrong by annulling and setting aside the order by which his privileges have been denied him. It is therefore ordered that the order of the director of registration, the defendant herein, by which the license of the plaintiff was attempted to be revoked and annulled be, and the same is hereby, vacated and set aside and the license of the plaintiff is reinstated and adjudged to be in full force and effect until revoked in accordance with law.

It appearing to this court, however, in acting as a public official, that the defendant proceeded in good faith in making the order aforesaid, neither party is allowed costs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.