ROE et al. v. LUNDSTROM et al.

No. 5622.   Decided May 11, 1936.   (57 P. [2d] 1128.)

522

*Henry D. Moyle,* of Salt Lake City, and *George D. Preston,* of Logan, for appellants.

*Leon Fonnesbeck,* of Logan, for respondents.

EVANS, District Judge.

This is an action in tort to recover damages for an alleged unlawful and malicious interference with plaintiffs' business. Plaintiffs allege that the defendants Lundstrom, Merkeley, and Pederson, as city commissioners of Logan City, through Smith, a police officer, prevented the public from entering the plaintiffs' place of business where the plaintiffs proposed to conduct a sale of seasonable merchandise recently purchased by them in receivership proceedings, and for which interference they seek actual and punitive damages.

The defendants seek to justify their conduct by setting up a failure on the part of the plaintiffs to procure a license as required by the ordinances of Logan City.

The defendants move to dismiss the appeal upon the ground that it was not taken in time. It is contended that the appeal should have been taken within six months from the time when the court rendered its decision, January 27, 1934. Findings, conclusions, and judgment were filed and entered on February 15, 1934. The appeal was taken on August 10, 1934. The motion to dismiss the appeal is accordingly denied. R. S. Utah 1933, 104-41-2.

Defendants move to strike the bill of exceptions upon the ground that it was not prepared and served in time. No notice of the entry of judgment was given. On August 10, 1934, the time in which to prepare and serve the bill of exceptions was extended to October 10, 1934. The proposed bill was served on the 14th day of September, 1934. The motion to strike the bill of exceptions is, therefore, denied. R. S. Utah 1933, 104-39-4, subd. 2.

The plaintiffs demurred generally to the answer and assign error in overruling the demurrer. This assignment, not being argued, is abandoned. They also interposed a special demurrer, upon the overruling of which error is assigned and argued in the brief. In view of the conclusions reached by us, the overruling of the special demurrer does not constitute reversible error.

The defense alleged is that the plaintiffs were not licensed to do business, as required by the ordinances of Logan City; that the interference complained of was in good faith to prevent a violation of law. In reply, plaintiffs allege that prior to advertising the fact that they were going to conduct a sale of merchandise, they tendered to the city clerk the fee required for carrying on a merchandising business, which tender was refused by the clerk. The plaintiffs did not deny that they proposed to conduct their business without a license, but claim that they had nevertheless qualified by filing an application and tendering the required fee for doing business as merchants. They contend that the ordinance defining transient merchants is void.

The essential facts as disclosed by the record are substantially as follows: One W. F. Mau, operating a business under the name of Mau's Department Store, made an assignment for the benefit of creditors. Plaintiffs ultimately acquired the stock of merchandise so assigned, and announced by advertisements that they intended to conduct a sale to open on July 16th and continue for seven days, to dispose of the entire stock and fixtures. On the 16th day of July, the day set for the opening, the sum of $8.25 was tendered as a license fee, together with an application for a retail merchant's license. The tender was refused and the application denied, notwithstanding which the plaintiffs announced that they would proceed to conduct the sale as advertised. Acting under instructions from the defendant commissioners, the chief of police posted the defendant Smith at the entrance of the store to prevent the plaintiffs from conducting the sale. An ordinance of Logan City provides that it shall be unlawful for any person to engage in business as a transient merchant without first obtaining a license, the fee for which is fixed at $25 per day. No penalty is provided for its violation, nor any procedure for its enforcement.

The trial court found that the ordinance defining transient merchants, the validity of which was challenged by the plaintiffs, was in full force and effect. Upon this finding

the appellants assign error. The provision requiring the payment of $25 per day would not necessarily █ render the entire ordinance invalid. In appropriate proceedings, the fee required to be paid might be held to be discriminatory. It is however, in view of the conclusion reached, unnecessary to determine this question. In order that the ordinance may be valid, for the purpose of instituting a criminal proceeding, the procedure for its enforcement should be provided. It is not sufficient merely to declare an act unlawful. If the ordinance fails to fix a penalty for its violation, it is unenforceable. This principle is aptly stated in the case of *Moorehouse* v. *Hammond,* 60 Utah 593, 209 P. 883, 885:

"There are in this state no crimes or offenses, except such as are created by statute or ordinance, and a court is powerless to impose a penalty not prescribed by a statute or an ordinance; and hence a statute or ordinance making it a crime or offense to do a certain act, without attaching a penalty to the doing of such act, is inoperative, and incapable of being given any effect by the courts."

If then the courts are without power to enforce an ordinance, it necessarily follows that the defendants would be powerless to prevent its violation, but even though the ordinance were valid and enforceable, there still remains the question as to whether or not the offense of selling without a license is one which may be prevented. R. S. Utah 1933, 105-3-1, provides that:

"Public offenses may be prevented by the intervention of the officers of justice: (1) By requiring security to keep the peace. (2) By forming a police in cities, towns or counties, and by requiring their attendance in exposed places. (3) By suppressing riots."

Here there existed no exigency such as is contemplated by the statute to require or justify preventive measures. Peace officers no longer stand as the symbol and embodiment of the law, except in film, fiction, and the lands of traffic. Except in emergencies where a prohibited offense or breach of the peace is committed or threatened, a police

officer is protected only when armed with a warrant. In this case there was neither a warrant nor an arrest. The power conferred upon police officers to "preserve the public peace, prevent crime, detect and arrest offenders," etc. (R. S. Utah 1933, 15-6-66), was not regularly pursued. It is impossible to escape the conclusion that officer Smith was guilty of a trespass.

With respect to the liability of the defendant commissioners, the situation is different and not altogether clear. They allege in their separate answers that they advised the plaintiffs that if they did not desire to take out an auctioneer's license, that they would be deemed to be transient merchants and would be required to pay the license as required by the ordinance relating to transient merchants. They deny, among other things, that Smith was their employee or agent or that they directed him to prohibit persons from entering plaintiffs' building. Lundstrom testified that he instructed the city marshal to have the ordinance complied with; that he intended the marshal to post a policeman, who was kept all day upon the plaintiffs' premises with his consent and approval; that the marshal could not have carried out his orders in any other way; and that the policeman had done only what he had ordered him to do. It does not appear that either Merkeley or Pederson gave any directions to the chief of police, but it was stipulated that whatever the officer did was directed by the chief of police, who was directed by the commissioners and in pursuance of their orders.

It is pertinent to inquire by what right the defendant commissioners assumed to give directions as to the enforcement of an ordinance, or as to the method of its enforcement. The statute provides that all actions brought to recover any fine or to enforce any penalty under an ordinance of a city or town shall be brought in the corporate name of the city or town as plaintiff. R. S. Utah 1933, 15-7-64. It is further provided that when power is conferred upon the board of commissioners to perform any act and the method of exercis-

ing such power is not specifically pointed out, the board of commissioners may provide by ordinance the manner and details necessary for the full exercise of such powers. R. S. Utah 1933, 15-7-2. It is further provided that the chief of police shall enforce all ordinances and regulations of the city for the preservation of peace, good order, and the protection of the rights and property of all persons. R. S. Utah 1933, 15-6-65. Such powers as are conferred upon city Commissioners must be exercised through formal motion, resolution, or ordinance which must be reduced to writing and read before a vote is taken thereon, and no act of the board shall be valid or binding unless two members concur therein. R. S. Utah 1933, 15-6-13. The boards of commissioners are legislative and governing bodies. R. S. Utah 1933, 15-6-5. Executive and administrative powers in cities of the first and second class are distributed among five departments, each of which is assigned to one of the commissioners.

If the defendant commissioners are to be charged with liability, it must be upon the theory that they are joint tortfeasors. It is a general rule that a municipal officer is immune from liability in a private suit for his acts in the discharge of corporate duties in the absence of willful negligence, malice, or corruption constituting misfeasance. *Smith* v. *Stephan*, 66 Md. 381, 7 A. 561, 10 A. 671; *Worley* v. *Inhabitants of Columbia*, 88 Mo. 106; *Roerig* v. *Houghton*, 144 Minn. 231, 175 N. W. 542; 2 Cooley on Torts (4th Ed.) § 300 et seq.; 2 McQuillin on Municipal Corporations (2d Ed.) § 556, and it is often asserted that where a public officer is by law vested with discretionary ministerial powers, and acts within the scope of his authority, he is not liable in damages for an error in judgment unless guilty of corruption or willful violation of the law. He may not, however, claim immunity for the commission of an act entirely outside of the scope of his official duties. *Lowry* v. *Carbon County*, 64 Utah 555, 232 P. 908; *Mock* v. *Santa Rosa*, 126 Cal. 330, 58 P. 826; *Bolton* v. *Vellines*, 94 Va. 393, 26 S. E. 847, 64 Am. St. Rep. 737; *Burch* v. *Hardwicke*, 30 Grat.

(71 Va.) 24, 32 Am. Rep. 640; *Craig* v. *Burnett,* 32 Ala. 728; 2 McQuillin on Municipal Corporations (2d Ed.) § 556.

Now let us assume that the defendant commissioners are charged with the duty of seeing that the ordinances are faithfully executed. In the exercise of this power, they would necessarily have to act as a board and not informally and independently as individuals. If we are ▮ to give effect to the provision that when power is conferred upon the board of commissioners to perform any act, they may provide by ordinance the manner and details necessary to the full exercise of such powers, then any informal personal interference with the operation of the police department or any directions to its officers would appear to be wholly unjustified and entirely beyond the powers conferred upon the board, or upon the individual commissioners, as such, except possibly the commissioner of public safety. The duties of police officers are very definitely prescribed and fixed by law. A police officer is responsible only to the head of his department, to whom has been given the power of his appointment and removal from office. R. S. Utah 1933, 15-9-9 and 15-9-21.

Whether we view this case as one in which the commissioners acted beyond the scope of their powers or as a failure on their part to regularly pursue powers conferred, the result would be the same, for under this record the commissioners admittedly directed, encouraged, advised, and co-operated in the commission of a trespass and hence are liable as joint tort-feasors.

"All persons who command, instigate, encourage, advise, countenance, co-operate in, aid or abet the commission of a trespass by another are cotrespassers with the person committing trespass and are each liable as principals to the same extent and in the same manner as if they had performed the wrongful act themselves."

26 R. C. L. § 15, p. 766-768; *Bailey* v. *Idaho Irrigation Co.,* 39 Idaho 354, 227 P. 1055.

The law is well settled that those who aid in the commission of a wrongful act by another are liable for the resulting damages, although they expected no benefits from the wrongful act and, in fact, received none. *Brumley* v. *Chattanooga Speedway, etc., Co.*, 138 Tenn. 534, 198 S. W. 775. *Breedlove* v. *Bundy*, 96 Ind. 319; *Felsenthal* v. *Thieben*, 23 Ill. App. 569; *Revert* v. *Hesse*, supra [184 Cal. 295, 193 P. 943]; *Mox, Inc.*, v. *Woods*, supra [202 Cal. 675, 262 P. 302.] *Blair* v. *Guarantee Title Co.*, 103 Cal. App. 260, 284 P. 719, 724; 62 C. J. 1129.

The plaintiffs allege that Officer Smith was actuated by malice. The defendants allege, on the other hand, that whatever they did was done in good faith and in the exercise of their best judgment as officers in the enforcement of the ordinances of Logan City. There is nothing in the record which would tend even remotely to justify the inference that the defendants were actuated by malice or any improper motives. The question of motive may be material in some cases as where the conduct is of such a character as to be qualifiedly privileged, or as involving the right to recover punitive damages. It is not as a general rule a material element to be considered in determining whether or not a legal right has been invaded. The absence of malice or the presence of a good motive does not render it any the less a tort. *Sidney Blumenthal & Co.* v. *U. S.* (C. C. A.) 30 F. (2d) 247; *Lavender* v. *Hall*, 60 Ala. 214; *McCarroll* v. *Stafford*, 24 Ark. 224; *Polar Wave, etc., Co.* v. *Alton Branch, etc., Society*, 155 Ill. App. 310; *Amick* v. *O'Hara*, 6 Blackf. (Ind.) 258; *Cumberland Glass Mfg. Co.* v. *De Witt*, 120 Md. 381, 87 A. 927, Ann. Cas. 1915A, 702; *Berry* v. *Donovan*, 188 Mass. 353, 74 N. E. 603, 5 L. R. A. (N. S.) 899, 108 Am. St. Rep. 499, 3 Ann. Cas. 738; *Hoehle* v. *Allegheny Heating Co.*, 5 Pa. Super. 21; *In re Grout*, 88 Vt. 318, 92 A. 646, Ann. Cas. 1917A, 210; *Gebhardt* v. *Holmes*, 149 Wis. 428, 135 N. W. 860; 62 C. J. 1105.

The judgment of the district court is reversed and the cause remanded with instructions to grant a new trial, with costs to appellants.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.

WOLFE, J., did not participate herein.