413 P.2d 597

Carl **ANDERSON, Milt Orr,** and **Lawrence Olson, Plaintiffs and Appellants,**

**v.**

**GRANITE SCHOOL DISTRICT et al.,
Defendants and Respondents.**

No. 10480.

Supreme Court of Utah.

April 20, 1966.

Golden W. Robbins, Salt Lake City, for appellants.

McKay & Burton, Reed H. Richards, Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiffs seek an injunction and damages against the defendant School District and the individual board members for destroying an irrigation ditch in constructing the Westlake Junior High School at 3450 West 3310 South in Granger, Utah. They ask for compensatory damages of $28,500 and punitive damages of $80,000. From an order granting defendants' motion to dismiss, plaintiffs appeal.

The propriety of the taking and paying the owner of the basic fee title of the property for the school and its grounds is not in question here. This controversy arose because the construction of the school building blocked off a ditch which carried irrigation water across the property in question to plaintiffs' lands. Upon becoming aware of this the School Board entered into negotiations with the plaintiffs to settle their claims of damage for ruining their ditch. In addition, they caused the ditch to be rerouted around the school property so the plaintiffs could continue to get their water. These attempts at composing their differences failed, and the defendant School District commenced an action to condemn plaintiffs' property rights in the easement for the ditch.[1] That action is presently pending.

The defendant School District contends that whatever rights the plaintiffs have in the ditch can be fully protected and just compensation therefor can be awarded in the condemnation action. Plaintiffs reject this, contending that because the School Board invaded their rights in a hasty and high-handed manner without filing suit, the action of the board members was beyond their authority and was malicious; wherefore, plaintiffs aver that they are entitled to the injunctive relief requested; to compensation for damages caused by lack of irrigation water on their lands; and also to punitive damages.

It is true that there was some irregularity in that the defendants interfered with the plaintiffs' ditch before commencing the condemnation action against them. The explanation is that the plaintiffs' easement

---

1. The power of eminent domain is given to the School Board by Sec. 53–6–20, U.C.A.1953: "Every board of education shall have power and authority to purchase and sell schoolhouse sites and * * * to construct and erect school buildings * * *."

was not a matter of record. The facts which impress us as important here are that after defendants became aware of plaintiffs' claims they attempted to make recompense; and that they commenced the condemnation action whereby they recognize that destruction of the irrigation ditch constituted a taking of whatever property rights the plaintiffs own therein;[2] and that they are entitled to damages for the deprivation of such rights.[3]

■■ The taking of the property under a right to do so is now a fact accomplished. That being so, the claim for injunctive relief is not tenable. That is an anticipatory remedy purposed to prevent the perpetration of a threatened wrong or to compel the cessation of a continuing one.[4] Furthermore, it is an instrument of equity to be invoked where the party has no adequate legal remedy.[5] Both of those prerequisites are lacking here.

■ It is a little difficult for us to regard in a serious light the plaintiffs' asserted claim for $80,000 punitive damages against the defendant School Board members individually. In common with other public officials, they have authority to do whatever is reasonably necessary in carrying out the duties imposed upon them.[6] It would be quite impractical and unfair to require them to act at their own risk. This would not only be disruptive of the proper functioning of public institutions, but undoubtedly would dissuade competent and responsible persons from accepting the responsibilities of public office. Accordingly, it is the settled policy of the law that when a public official acts in good faith, believing what he does to be within the scope of his authority and in the line of his duty, he is not liable for damages even if he makes a mistake in the exercise of his judgment.[7]

■ Except for the allegations in the plaintiffs' complaint that the defendants acted maliciously and outside of their authority in interfering with their ditch, there is nothing whatsoever to indicate that such was the fact. On the other hand, under the circumstances shown, we do not see anything particularly unreasonable in the defendants' assuming that their purchase of

2. See Oregon Short Line R. Co. v. Jones, 29 Utah 147, 80 P. 732; 5A Thompson, Real Property, Section 2579 (Replacement 1957).
3. See Constitution of Utah, Article I, Section 22; Boskovich v. Midvale City Corp., 121 Utah 445, 243 P.2d 435; 5A Thompson, Real Property, Section 2576 (Replacement 1957).
4. See 28 Am.Jur., Injunctions, Section 5.
5. Hunt v. Ziegler, 350 Mich. 309, 86 N.W.

2d 345; and see 30 C.J.S. Eminent Domain § 401.
6. See Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440; White v. Towers, 37 Cal.2d 727, 235 P.2d 209, 28 A.L.R.2d 636.
7. See Roe v. Lundstrom, 89 Utah 520, 57 P.2d 1128 and cases therein cited; Cooper v. O'Connor, footnote 6, supra; Heiser v. Severy, 117 Mont. 105, 158 P. 2d 501, 160 A.L.R. 319.

the fee title to the property included the right to build the school building thereon; and we therefore fail to perceive any basis for punitive damages.

Inasmuch as the condemnation proceeding against the plaintiffs here is pending before the district court in which the rights of the parties can be fully explored and determined, the trial court was well advised in dismissing this action and leaving the dispute between these parties to be litigated and settled in that one.

Affirmed. Costs to defendants (respondents).

HENRIOD, C. J., and McDONOUGH, WADE, and CALLISTER, JJ., concur.