1999 UT 106

Glen U. HUNSAKER and Kay M. Hunsaker, dba Hunsaker Ranch; J. Kay Arabian Horses, Inc.; Cornelius R. Carhart and Beverly A. Carhart; Stanley R. Crane and Janise R. Crane; W. Michael Jensen; and Roger D. Watters and Rose M. Watters, Plaintiffs and Appellants,

v.

Robert D. KERSH and Lucille H. Kersh, Defendants and Appellees.

No. 990298.

Supreme Court of Utah.

Nov. 23, 1999.

V. Lowry Snow, Lewis P. Reece, St. George, for plaintiffs.

Russell J. Gallian, St. George, for defendants.

RUSSON, Justice:

¶ 1 Plaintiffs brought this interlocutory appeal challenging the district court's denial of their motion for a preliminary injunction. Plaintiffs assert that the district court applied an improper standard for determining "irreparable harm." We agree and reverse and remand for application of the correct standard.

## BACKGROUND

¶ 2 The plaintiffs in this case (collectively, "the Hunsakers") own land in Washington County, Utah. Defendants Robert D. and Lucille H. Kersh own property in the same vicinity. There are two ponds on the Kershes' property. Traditionally, the Hunsakers have received water via irrigation canals running from the Kershes' ponds. Recently, a number of disputes have arisen concerning the water rights in the ponds. The Kershes assert that they own the ponds without any restriction, and the Hunsakers claim that the Kershes own only a small percentage of the water that collects in the ponds.

¶ 3 Apparently, the precipitating incident in the current dispute involves a pipe installed on the Kershes' property in 1996 to transport water from the ponds to the Hunsakers' property. The Kershes objected to the manner in which the pipe was installed and also objected to the Hunsakers' practice of occasionally draining the ponds entirely, which killed fish the Kershes had placed in them. In January of 1999, the Kershes cut and capped off the pipe. The Hunsakers filed suit, seeking a declaratory judgment as to asserted easements and rights of access to the ponds on the Kershes' property. The Hunsakers also sought injunctive relief to restrain the Kershes from further interfering with the pipe and the flow of water to the Hunsakers' land. The Hunsakers alleged that ongoing and continuing damage to crops, fruit trees, and shade trees would result if the court did not grant the injunction.

¶ 4 On March 5, 1999, the district court conducted a hearing on the Hunsakers' motion for a preliminary injunction. The court commenced the hearing by announcing the following to the parties:

Regardless of what the merits of the case might be, I don't see anything upon reflection that would indicate an irreparable injury that is defined in Utah law to result from this. Can you tell me what that might involve in a nutshell without going into hours' worth of evidence on that?

The Hunsakers asserted that a potential loss of crops and trees—with attendant permanent damage to relations with regular customers who purchased the crops—could result from any ongoing and continuing loss of water. The court replied:

[Y]ou are not describing anything to me that can't be compensated in money. And that's the definition of irreparable injury, in a nutshell. And that's what I need to have you focus on. Why can't it be compensated by money?

¶ 5 On the basis of this reasoning, the court entered an order denying the preliminary injunction, holding:

(1) Plaintiffs ... failed to identify and demonstrate an irreparable injury that would result if a preliminary injunction were not issued by the Court.

(2) The injury which plaintiffs' [sic] asserted they would suffer, though potentially substantial, was not shown to be of a type for which plaintiffs could not be compensated in damages.

(3) Plaintiffs did not establish that defendants were or would be unable to pay the damages sought by plaintiffs.

The court also refused to hear any evidence regarding the merits of the Hunsakers' application, even though the Hunsakers affirmed that they were prepared to offer evidence and call witnesses. The Hunsakers petitioned for interlocutory appeal, arguing that

the district court had misapplied the legal standard governing preliminary injunctions.

## DISCUSSION

¶ 6 A preliminary injunction is an equitable remedy. Where a court's ruling on a motion for an injunction is based on its consideration of the evidence presented in light of relevant legal factors, the grant or denial of injunctive relief rests within the discretion of the trial court. *See Kasco Servs. Corp. v. Benson,* 831 P.2d 86, 90 (Utah 1992); *System Concepts, Inc. v. Dixon,* 669 P.2d 421, 425 (Utah 1983). The court's construction of an applicable legal standard, however, is reviewed for correctness; we afford no deference to the court's interpretations of law. *See Jensen v. IPA,* 977 P.2d 474, 477 (Utah 1999).

¶ 7 Rule 65A(e) of the Utah Rules of Civil Procedure sets forth the elements an applicant for preliminary injunction must satisfy in most cases:

(1) The applicant will suffer irreparable harm unless the order or injunction issues;

(2) The threatened injury to the applicant outweighs whatever damage the proposed order or injunction may cause the party restrained or enjoined;

(3) The order or injunction, if issued, would not be adverse to the public interest; and

(4) There is a substantial likelihood that the applicant will prevail on the merits of the underlying claim, or the case presents serious issues on the merits which should be the subject of further litigation.

Utah R. Civ. P. 65A(e) (1999); *see also Water & Energy Sys. Tech. Inc. v. Keil,* 974 P.2d 821, 822 (Utah 1999). The district court concluded that damage to crops and trees was not a type of injury constituting "irreparable harm," because a dollar value could eventually be assigned to the loss. On this basis alone, the court rejected the Hunsakers' application. The Hunsakers argue that the district court misconstrued the legal definition of "irreparable harm." We agree.

¶ 8 The reasoning of the court, as expressed in its order and in its comments during the preliminary injunction hearing, assumed, as a matter of law, that any damages quantifiable in money are not the type of damages against which a party can procure a preliminary injunction. This approach, however, misapprehends the purpose and the nature of injunctions. Injunctive relief is not purely limited to cases where no other possible remedy will be available. Its broader purpose is preventive in nature. *See* 43 C.J.S. *Injunctions* § 5 (1978); 42 Am. Jur.2d *Injunctions* §§ 2, 4, 13 (1969). A preliminary injunction is " 'an anticipatory remedy purposed to prevent the perpetration of a threatened wrong or to compel the cessation of a continuing one.' " *Dixon,* 669 P.2d at 428 (quoting *Anderson v. Granite Sch. Dist.,* 17 Utah 2d 405, 407, 413 P.2d 597, 599 (1966)). It further serves to "preserve the status quo pending the outcome of the case." *Tri–State Generation & Transmission Ass'n v. Shoshone River Power, Inc.,* 805 F.2d 351, 355 (10th Cir.1986).

¶ 9 Consequently, the "irreparable harm" justifying a preliminary injunction includes " [w]rongs of a repeated and continuing character, *or* which occasion damages that are estimated only by conjecture, and not by any accurate standard.... "Irreparable injury" justifying an injunction is that which cannot be adequately compensated in damages *or* for which damages cannot be compensable in money.' " *Dixon,* 669 P.2d at 427–28 (emphasis added) (citing *Black's Law Dictionary* 707 (rev. 5th ed.1979)). It is evident from a plain reading of this definition that the trial court's analysis failed to recognize the full scope and nature of "irreparable harm." Where *Dixon* refers to an injury "which cannot be *adequately* compensated in damages," it does not limit injunctive relief to those harms which could never be assigned a dollar value.[1] Rather, it merely acknowledges that monetary compensation does not always make an injured party whole.

¶ 10 In the few reported Utah cases dealing with the specific subject of interfer-

---

1. *See, e.g.,* 42 Am.Jur.2d *Injunctions* § 39 ("It is not meant ... that the mere existence of an available legal remedy will defeat the right to

injunction, for to have that effect the legal remedy must be as practicable and efficient toward the ends of justice as an injunction.").

ence with rights to irrigation water, injunctions have been granted or allowed. *See, e.g., Horne v. Utah Oil Ref. Co.*, 59 Utah 279, 284–85, 302–03, 202 P. 815, 816–17, 824 (1921); *see also Valcarce v. Fitzgerald,* 961 P.2d 305, 310–11 (Utah 1998) (though not addressed on appeal, trial court granted preliminary injunction for interference with irrigation water). Moreover, the court's equitable power to grant a preliminary injunction against damage to real property "extends not only to the realty itself, but also to things growing in or connected to the realty, such as crops [and] trees." 42 Am.Jur.2d *Injunctions* § 71. Trees, in particular, might take many years to replace. Loss of agricultural, ornamental, and shade value could be fundamentally irreparable. Although the value of a particular crop that is cut down and re-seeded each year might be more easily quantifiable than the value of a perennially producing grove of fruit trees, the Hunsakers declared that they were prepared to present evidence of severe or permanent losses to business relations if customers for the crops were forced to look elsewhere for their supplies. Loss of business and goodwill may constitute irreparable harm susceptible to injunction. *See, e.g., Dixon,* 669 P.2d at 428–29; *Tri–State Generation,* 805 F.2d at 356; *Otero Sav. & Loan Ass'n v. Federal Reserve Bank,* 665 F.2d 275, 278 (10th Cir.1981).

¶ 11 While it has not yet been determined if the evidence regarding potential damage to trees or crops will actually satisfy the "irreparable harm" standard as properly applied,[2] or if the Hunsakers can satisfy the remaining elements of rule 65A, the court erred in defining "irreparable harm" as narrowly as it did and in refusing to consider the evidence respecting the extent and nature of the alleged harm. We therefore reverse and remand for proper consideration of the four elements listed in Utah Rule of Civil Procedure 65A(e).

¶ 12 Chief Justice HOWE, Associate Chief Justice DURHAM, Justice ZIMMERMAN, and Judge BENCH concur in Justice RUSSON's opinion.

¶ 13 Having disqualified himself, Justice STEWART does not participate herein; Court of Appeals Judge RUSSELL W. BENCH sat.

---

**2.** We decline to hold, as the Hunsakers request, that the element of "irreparable harm" has been definitively satisfied. Our ruling merely declares that the injuries alleged are of the type which may meet the definition of irreparable harm. It remains to be seen whether the Hunsakers can support the scope of the harm alleged by presentation of appropriate evidence.