JESSE KNIGHT, Appellant, v. HYRUM F. THOMAS,
    and others as members of the City Council of Provo
    City, Utah, Respondents.

No. 1994.   Decided April 9, 1909 (101 Pac. 383).

1. RAILROADS—RAILROAD AID—"REAL PROPERTY."  Comp. Laws 1907,
    section 313x, provides that any city council may aid the building
    of railroads by granting real property of the city not necessary
    for municipal or public purposes on such limitations as the
    council shall prescribe, etc.  Held, that the words "real prop-
    erty," as so used, include the city streets of which the fee is
    in the city.  (Page 472.)

2. RAILROADS—PUBLIC AID—VACATING STREETS—EXCLUSIVE USE—
    ELECTION—"REAL PROPERTY."  Comp. Laws 1907, section 313x,
    authorizes the city council of any city to grant real property
    belonging to the city, not necessary for public purposes, for
    depot or other railroad purposes, provided that no such grant
    shall be made unless submitted to the qualified electors.  Held,
    that a proposed grant to a railroad of the exclusive right to
    occupy a street in which the city owned the fee, and which it
    was proposed to vacate, for one hundred years, was a grant of
    "real property" within such section, and could not be lawfully
    made without submitting the question to the electors.  (Page
    472.)

3. RAILROADS—FRANCHISES—RIGHTS IN STREETS.  Comp. Laws 1907,
    section 206, subd. 32, authorizing city councils to grant fran-
    chises to railroad and depot companies not longer than one
    hundred years to lay, maintain, and operate railroad tracks
    in streets and other public places, did not authorize the city
    council to give a railroad or depot company the exclusive right
    to occupy a street for railroad purposes for that period.  (Page
    472.)

4. MUNICIPAL CORPORATIONS—STREETS—VACATION.  On the vacation
    of a street by a city the title to the land reverts to the owner
    of the fee whether the fee is in the city or an adjoining owner.
    (Page 474.)

APPEAL from District Court, Fourth District; Hon. T. D.
Lewis, Judge.

Suit by Jesse Knight against Hyrum F. Thomas and
others, as members of the City Council of Provo, Utah, to
enjoin them from vacating a street.  From a judgment of
dismissal plaintiff appeals.

REVERSED AND REMANDED WITH DIRECTIONS.

*J. W. N. Whitecotton, E. E. Corfman* and *Booth & Cluff* for appellant.

*Van Cott, Allison & Riter, S. R. Thurman* and *Grant C. Bagley* for respondents.

STRAUP, C. J.

This is an action praying for injunctive relief. Among other things, it is alleged in the complaint, in substance, That Provo City, a municipal corporation, is the owner in fee of a certain described street in Provo City; that the city council, by a proposed ordinance, will vacate the street and close it to the public, and, unless restrained, will grant to the Rio Grande Western Railway Company, a railroad corporation, its successors and assigns, the exclusive right to occupy and use the described land for railroad and depot purposes for a period of one hundred years; that upon the passage and approval of the ordinance the railway company will at once take the exclusive possession of the land so granted and will exclude the public therefrom; and that the question of making such a grant has not been submitted to the qualified electors of Provo City, as is by law in such case made and provided. The relief prayed for is that the council be enjoined from making the grant without first submitting the question to the qualified electors. To this complaint the defendants filed a general demurrer, which was sustained by the court below. The plaintiff declined to amend, and thereupon the action was dismissed. He appeals.

We have a statute (section 313x, Comp. Laws 1907) which, in part, provides:

"The city council of any city, or board of trustees of any incorporated town, of this state is authorized to aid and encourage the building of railroads by granting to any railroad company, for depot or other railroad purposes, real property of such city or incorporated town, not necessary for municipal or public purposes, upon such limitations and conditions as said council or board of trustees may prescribe; provided, however, that no such grant shall be made to any railroad company, unless the question of making said grant has been submitted to the qualified electors of the city or town at the next municipal or special election to be called for that purpose by the city council or town board."

By other statutes which define the general powers of a city council it is, among other things, provided that it shall have power "to lay out, establish, open, alter, widen, extend, grade, pave, or otherwise improve streets, alleys, avenues, sidewalks, parks, and public grounds; and to vacate the same (subdivision 8, section 206) ; and "to permit, regulate, or prohibit the locating, constructing, or laying of tracks of any railroad or tramway in any street, alley, or public place; and to grant franchises to railroad companies, and to union railroad depot companies, to lay, maintain, and operate in any street or part or parts of streets of said cities, or other public places therein, railroad tracks, and union railroad depot connecting and terminal tracks, but such permission shall not be for a longer time than one hundred years."    Subdivision 32, section 206.

The theory upon which the demurrer was sustained, and upon which the ruling is defended, is that the words "real property of such city or incorporated town," contained in section 313x, do not include, nor refer to, streets of such city or town.  We think that is true so far as the question pertains to a mere street in the city when the fee of the land occupied by the street or upon which the public way exists is not in the city or town, and it otherwise has no right, title, or interest in or to the land itself apart from the public way upon it; but it is, in effect, alleged in the complaint that the city is the owner in fee of the land described in the complaint and occupied by the street, which land the council will, unless restrained, grant to the railway company to be exclusively used and occupied by it for depot and railroad purposes for a period of one hundred years. For the purposes of the demurrer the truth of these facts is admitted. Such an ownership of or interest in property, as alleged, undoubtedly is real property. While it is not averred that the council will grant the fee of the land; nor all the city's right, title, and interest therein, still the granting to the railway company, as is alleged, the right to exclusively occupy and use the land for a period of one hundred years, is the granting of an interest, in and

to the land itself, constituting real property. Sub-division 10, section 2498, Comp. Laws 1907. Upon the facts as alleged we think the grant cannot lawfully be made without submitting the question of the making of the grant to the qualified electors, as is provided in section 313x. It is said that the giving of such a construction to the provisions of section 313x renders it in conflict with subdivision 32 of section 206. We think not. The subdivision of the latter section gives the council power to grant franchises to railroad and depot companies, not longer than one hundred years, to lay, maintain, and operate railroad tracks in streets and other public places; but it will be observed that the power conferred is not so broad as to permit the granting of a franchise giving a railroad or depot company the right to exclusively occupy and use the street and exclude the general public therefrom. So long as the street—the public way on the land—exists, it could not lawfully be turned over by the council to the railway company to be by it exclusively used and occupied, and it is not claimed that the council had power or authority to so turn it over to the railway company. The two sections deal with entirely different subjects; section 313x, by placing an inhibition upon the granting of real property of a city or incorporated town without submitting the question of making the grant to the qualified electors, and subdivision 32 of section 206, in permitting, regulating, or prohibiting the locating of railroad tracks in streets and other public places. The council is also given power to vacate streets. It is given such power whether the fee of the land occupied by the street is in the city or whether the fee is in another.

If all the interest which the city had in and to the land was only with respect to the public way on the land, then, on a vacation of the street, all its interest in and to the land ceased. An attempted grant made by the council in such case to the railway company to exclusively use and occupy the land would not be granting real property of the city, but the granting of real property belonging to another. The petitioner, who, as averred, is a resident and taxpayer

of the city, and not shown to be an abutting property owner,
nor otherwise shown to have any interest in or to the land
occupied by the street, could not complain of such
a threatened grant. When the street is vacated, the       **4**
right to occupy and use the land belongs to him
in whom the fee is—the city, or the original landowner if
it was reserved by him and not conveyed, or to the abutting
property owners—and the land then is subject to all the
use and enjoyment and burdens of other lands; and if the
fee is in the city the land is just as much real property as is
other lands owned by the city. It being alleged that the
fee of the land is in the city, the act of the council in vacat-
ing the street could no more affect its right or title to the
land than the right or title of another if the fee had been in
him. We do not see wherein the sections of the statute giv-
ing the city council the power to vacate streets, or to grant
franchises to lay tracks in streets, have any bearing on the
question    involved.    The    gist    of    the    complaint,
and the commission of the acts against which restraint is
prayed, are, not that the council is about to wrongfully vacate
the street or grant a franchise to lay tracks therein, but that
the council will grant to the railway company the right for
a period of one hundred years to exclusively use and occupy
land the fee title of which is alleged to be in the city.

We think the court erred in sustaining the demurrer.
The judgment of the court below is therefore reversed, and
the case remanded, with directions to reinstate it, to overrule
the demurrer, and give the defendants leave to answer.
Costs to appellant.

FRICK and McCARTY, JJ., concur.