## ROBINETT v. PRICE.

No. 4814. Decided July 22, 1929. (280 P. 736.)
Rehearing Denied October 1, 1929.

*Fabian & Clendenin*, of Salt Lake City, for appellant.

*Henry Ruggeri and F. E. Woods*, both of Price, for respondent.

## STRAUP, J.

This action was brought to recover damages alleged to have resulted from the closing and discontinuance of a portion of Tenth street, in Price, Utah. The trial court directed a verdict in favor of the defendant. The plaintiff appeals.

No point is made that the municipality had not the right to close and discontinue the street. There was a question raised as to whether or not the street was a public street. We think there was sufficient evidence to show the street was a public street, and as to that question the plaintiff was entitled to go to the jury. The principal point, however, presented for review, involves the question of whether or not the plaintiff has shown such a special interest in the portion of the street closed and discontinued and such special injury resulting therefrom as to entitle him to compensation. The plaintiff maintains the affirmative and the defendant the negative of the proposition.

The Denver & Rio Grande Western Railway Company has its main line of railroad, side tracks and spurs, running through the city of Price in a northwesterly and southeasterly direction. The trade and principal portion of the city are to the north of the railroad tracks. There are some warehouses, repair shops, and other similar structures to the south of the tracks. Main street, running practically east and west, the principal street of the city, is about a block north of the railroad tracks. That street, among others, is intersected by Eighth, Ninth, and Tenth streets running substantially north and south, except a portion of Tenth street running from Main street to and across the railroad tracks, which, when it was closed, ran in a southwesterly direction to a street or highway immediately south of the tracks running parallel therewith and in a southeasterly and northwesterly direction and intersecting, among others, Eighth, Ninth, and Tenth streets. However, Tenth street, where it entered the street or highway south of the railroad tracks, did not continue southerly in the same course. About 150 feet from where it entered the highway south of the railroad tracks and leading from the highway it ran practically due south. Thus Tenth street running southerly from Main street ran in a southwesterly direction across the railroad tracks to the highway immediately south of the tracks a distance of about 200 feet, then about 150

feet east from that point it continued almost due south from the highway south of the railroad tracks. The plaintiff owned a parcel of land 183½ feet by 74 feet on which he maintained a building 28 feet by 90 feet which was leased and used at the time Tenth street was closed as an automobile sales room and for general automobile repair work, and since then as a sort of warehouse. The north portion, which is 183½ feet in length, abuts on the highway immediately south of the railroad tracks; the westerly portion thereof being about opposite the point where Tenth street entered the highway. The northeast corner of his parcel is about 56½ feet from the point where Tenth street runs south from the highway. The 74 feet of his parcel is the southerly portion thereof abutting on an alley 20 feet wide running northwesterly to a public street and southeasterly to Tenth street. The portion of Tenth street closed and discontinued is that portion running in a southwesterly direction from Main street across the railroad tracks and to the highway immediately south of the tracks. Tenth street running south from the highway on which the north boundary of plaintiff's parcel abuts was not closed or discontinued. It is alleged in the complaint that the closing of the portion of Tenth street which was closed prevented ingress and egress to and from plaintiff's property. But such claim is not supported by the evidence. The evidence, without dispute, shows that the highway on which plaintiff's parcel abutted affords him as ready ingress and egress to and from the north boundary of his land as it did before the portion of Tenth street was closed and discontinued, and that the south portion of his parcel was not disturbed or interfered with in any particular. What, on the evidence, is claimed by the plaintiff, is, not that ingress or egress to his property was cut off by closing the portion of Tenth street, but that he was thereby deprived of the direct route which he theretofore had and enjoyed in traveling from his property to the principal or main business portion of the city, which, as he contends, depreciated the value of his property and rendered

the rental of his building maintained thereon more difficult, and greatly decreased the rental value of it. He urges that before the portion of Tenth street was closed he had a direct route over it and was required to travel only about 200 feet to Main street. That is true. He further urges that after the portion of the street was closed he was required to travel a distance of about nine-tenths of a mile in a circuitous route from his property to the main business portion of the city. After Tenth street was closed, plaintiff, in going to and from his property from the business portion of the city, was required to travel a circuitous route, about the distance claimed, until Ninth street, about three hundred fifty feet easterly from his property, was opened to travel across the railroad tracks to Main street, which was opened for travel at the time of the trial. This gave the plaintiff a substantially direct and convenient route from his property to Main street without taking the circuitous route urged by him.

Though the travel over Ninth street is somewhat more inconvenient in going to and from plaintiff's property to Main street and to the business portion of the city than was the former route enjoyed by him, and though the value and the rental value of his property may have, as contended by him, been decreased by such change of route, yet such inconvenience and injury are not in kind and degree special entitling the plaintiff to compensation for resulting loss or injury occasioned thereby. *Cram* v. *Laconia*, 71 N. H. 41, 51 A. 635, 57 L. R. A. 282; *Ponischil* v. *Hoquiam Sash and Door Co.*, 41 Wash. 303, 83 P. 316; *Dantzer* v. *Indianapolis Union Ry. Co.*, 141 Ind. 604, 39 N. E. 223, 34 L. R. A. 769, 50 Am. St. Rep. 343.

The principal cases cited by appellant, *Fitzgerald* v. *Smith* (Cal. App.) 271 P. 507; *Cushing-Wetmore Co.* v. *Gray*, 152 Cal. 118, 92 P. 70, 125 Am. St. Rep. 47; *Bigelow* v. *Ballerino*, 111 Cal. 559, 44 P. 307; *O'Brien* v. *Central Iron & Steel Co.*, 158 Ind. 218, 63 N. E. 302, 57 L. R. A. 508, 92 Am. St. Rep. 305; *Martin* v. *Marks*, 154 Ind. 549, 57 N. E. 249; and *Tilly*

v. *Mitchell & Lewis Co.*, 121 Wis. 1, 98 N. W. 969, 105 Am. St. Rep. 1007, do not make against this holding. Such cited cases chiefly are cases where by closing or discontinuing a public street egress and ingress from and to property were prevented or materially affected, except *Tilly* v. *Mitchell & Lewis Co.*, supra. But the facts here do not bring the case within the rule even as stated in that case.

Nor do the cited Utah cases, *Adney* v. *State Road Commission*, 67 Utah 567, 248 P. 811; *Barboglio* v. *Gibson*, 61 Utah 314, 213 P. 385; *Bamberger Electric R. Co.* v. *Public Utilities Commission*, 59 Utah, 351, 204 P. 314; *Tuttle* v. *Sowadzki*, 41 Utah 501, 126 P. 959; *Morris* v. *Oregon S. L. R. Co.*, 36 Utah 14, 102 P. 629; *Stockdale* v. *Rio Grande W. Rd. Co.*, 28 Utah 201, 77 P. 849, make against such holding.

We are of the opinion that the verdict was properly directed. The judgment of the court below is therefore affirmed. Respondent to recover costs.

CHERRY, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.