BOSKOVICH et al. v. MIDVALE CITY CORP. et al.

No. 7756.  Decided April 17, 1952.   (243 P. 2d 435.)

See 16 C. J. S., Constitutional Law, sec. 602. Street according to plat, vacation of. 25 Am. Jur., Highways, secs. 117 et seq.; 11 A. L. R. 2d, 587-595.

*Pugsley, Hayes & Rampton,* Salt Lake City, for appellants.

*Ben G. Bagley,* Midvale, *Grant Macfarlane,* Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a no cause of action judgment. Plaintiffs sought an injunction and damages against defendants, where a portion of a street and alley was closed by city ordinance. The judgment is reversed and remanded, with costs on appeal to plaintiffs.

Plaintiffs own lots in Eastvale Addition, a platted, recorded and accepted subdivision in Midvale. The street and alley in question are included therein, and the shaded area of the subjoined sketch represents the closed portion.

Without notice to, application by, or hearing of any kind afforded any property owner, Midvale's council enacted an ordinance vacating the shaded area, which had been used for vehicular travel. The school board owned property abutting on both sides of the shaded area, and it took possession thereof as owner to the middle of a vacated street, fenced it off and made it a part of the school yard, creat-

The city justifies its action under general statutory authority granting cities power to create and vacate streets and alleys by ordinance.[1] Plaintiffs challenge the proceding a cul-de-sac as to plaintiffs' property on Jordan Avenue and as to the property of Cox and Draper on the alley. ure pursued as being in excess of that authority, and urge that where a platted subdivision is involved, the authority claimed by the city is interdicted and preempted by special statutes,[2] requiring petition by all owners directed to the proper public authority for approval. We believe this latter statute normally should be followed, but recognize the fact that a city, by ordinance, might vacate or abandon streets even in a subdivision, if public exigency requires and if a procedure is followed satisfying statutory requirements and requirements of due process, including reasonable notice, a fair hearing and consideration of any substantial rights involved. Plaintiffs complain that no such procedure was followed here, and we are constrained to agree.

There are a number of ways that streets may be opened or closed.[3] If by ordinance, there must be something more than its mere enactment. We believe and hold that the procedure followed by Midvale in this case, sans notice, petition or hearing, was an unquestioned de-

[1] Title 15-8-8, U. C. A. 1943: "They may lay out, establish, open * * * streets, alleys * * * and may vacate the same or parts thereof, by ordinance."

[2] Title 78-5-6, 7 and 8, U. C. A. 1943.

[3] *Hall* v. *North Ogden*, 109 Utah 304, 166 P. 2d 221; *Wall* v. *Salt Lake City*, 50 Utah 593, 168 P. 766; *Sowadzki* v. *Salt Lake County*, 36 Utah 127, 104 P. 111; Title 78-5, supra; Title 15-8-8, supra.

parture from the elementary principle that property cannot be taken without due process of law and without just compensation.[4]

Furthermore, even if the city had satisfied the requirements of due process by giving reasonable notice and conducting a fair hearing, still it could have vacated no more than the *public* easement or right which the ■ city had in the shaded area,[5] which would in turn have the effect of relieving it from further responsibility for maintenance and control.[6] The private easement which Mr. B, plaintiff herein had, would have persisted.

This case involves a duly platted subdivision containing streets and alleys and is thus distinguishable from the authority cited by defendants.[7] We have held, in a case reason in this case, where it appears obvious that the school children need the space, and the damage to Mr. B does not appear to be very great, why the parties by stipulation and amendment of their pleadings to conform with principles here announced, and after a hearing, cannot arrive at a fair adjustment in the interest of these children.

WADE, McDONOUGH and CROCKETT, JJ., concur.

WOLFE, Chief Justice (concurring).

I concur, but make the following observation. In the main opinion, reference is made to the "public easement" of Midvale City in the street which was closed. Under Sec. 78-5-4, U. C. A. 1943, the City has a determinable or limited fee which is a higher right than an easement. That section provides that the filing and recordation of maps cited even by defendants, that if the dedicated streets of a subdivision are laid out and right to the use thereof has

---

[4]Utah Const., Art. I., Secs. 7 and 22; U. S. Const., V and XIV Amendments; *Tuttle* v. *Sowadzki*, 41 Utah 501, 126 P. 959.

[5]*Tuttle* v. *Sowadzki*, supra; 150 A. L. R. 652, 658.

[6]150 A. L. R. 644.

[7]*Robinett* v. *Price*, 74 Utah 512, 280 P. 736.

arisen, a private easement arises therein which constitutes a vested proprietary interest in the lot owners, which easement survives extinguishment of any co-existing public easement calling for just compensation.[8] Hence, Mr. B canno be cul-de-sacked by the city or the school board without due process of law, and a respect for any loss of use proven to have been enjoyed by him theretofore,—though such loss may not be great. This is as it should be, since people customarily buy property in subdivisions, part of the consideration for which is paid on the representation and assumption that the platted streets, dedicated and duly accepted, shall continue as a means of travel until public exigency otherwise demands,—in which latter event due process and just compensation must enter the picture.

Defendants are not remediless. Midvale might have ended the public easement by ordinance so long as pertinent statutory and due process requirements were satisfied. The school board might have eliminated the private easement by orderly employment of the statutory provisions and fundamental principles relating to eminent domain,[9] but neither could take from Mr. B his private easement without fair compensation.

In remanding this case, the trial court is instructed to enter an order requiring removal of any obstruction on the property described, unless the parties by stipulation amicably agree to maintain the status quo until such time as their differences may be resolved. There seems to be little and plats of a subdivision

"* * * shall operate as a dedication of all streets, alleys and other public places, and shall *vest the fee* of such parcels of land as are therein expressed, named or intended *for public uses in such county, city or town for the public for the uses therein named or intended.*" (Emphasis added.)

[8]*Tuttle* v. *Sowadzki,* supra.
[9]Title 104-61, U. C. A. 1943.

It is true that in the cases of *Sowadzki* v. *Salt Lake County*, 36 Utah 127, 104 P. 111, and *Tuttle* v. *Sowadzki*, 41 Utah 501, 126 P. 959, this court referred to the interest of the county in a platted subdivision as both a determinable or a limited fee and a public easement, using the terms interchangeably. But the terms are not synonymous. The confusion may have stemmed from Sec. 36-1-7, U. C. A. 1943, providing that

"By taking or accepting land for a highway the public acquires only the right of way and incidents necessary to enjoying and maintaining it. A transfer of land bounded by a highway passes the title of the person whose estate is transferred to the middle of the highway."

Sec. 36-1-7 is found in our code in the title on Highways, whereas Sec. 78-5-4 is found under the title on Real Property and under the section thereof dealing with Plats and Subdivisions. Clearly, Sec. 78-5-4 governs the rights of a county, city or town in the streets of a platted subdivision. While it makes no difference in the instant case whether the City has a determinable fee or a public easement, the distinction is pointed out because there may be cases where the difference is vital. See *White* v. *Salt Lake City*, 121 Utah 134, 239 P. 2d 210.