362 P.2d 580

**WEBER BASIN WATER CONSERVANCY DISTRICT, Plaintiff and Respondent,**

v.

**Lois A. HISLOP et al., Defendants and Appellants.**

**No. 9317.**

Supreme Court of Utah.

June 9, 1961.

Glen E. Fuller, Scott D. Allen, Salt Lake City, for appellant.

E. J. Skeen, Salt Lake City, Neil R. Olmstead, Ogden, for respondent.

CALLISTER, Justice.

Weber Basin Water Conservancy District brought suit to condemn certain lands for the purpose of enlarging the Pineview Reservoir. Included therein was a tract of land belonging to the appellant, Lois A. Hislop. As a party defendant to this proceeding, Mrs. Hislop filed a counterclaim seeking damages for the diminution in value of a business property owned by her, but which is unrelated to the tract being condemned, by reason of the enlargement of the reservoir. The facts were stipulated by the parties and each submitted the issue of the counterclaim upon motions for summary judgment. The lower court gave judgment to the District and Mrs. Hislop appeals.

The business property involved is a tavern abutting upon former State Highway No. 39 in the town of Huntsville. Prior to the enlargement of the reservoir, Highway No. 39 passed through the town in a north-south direction. It was the main vehicular route between the city of Ogden, Huntsville, and areas north of Huntsville. Because the enlargement of the reservoir would inundate the old highway at points south and north of the town, a relocation of it became necessary. The State of Utah relocated the highway to the east of Hunts-

ville, thus bypassing the town and appellant's business establishment. This relocation was done pursuant to an agreement between the State and the United States (Bureau of Reclamation) wherein the latter agreed to pay for the major portion of the cost.

Existing roads, running east and west, connect the town and appellant's tavern with the new highway. However, the location of the new highway adds approximately two and one-half miles to the distance traveled between appellant's property and Ogden. There is no question but what the relocation will divert traffic away from the tavern.

Appellant concedes that damages resulting from loss of traffic flow due to the relocation of a highway are not compensable if the relocation is done under the police power for the purpose of traffic regulation.[1] However, appellant contends that the relocation in the instant case was not made for reasons of safety and convenience, but because the District's enlargement of the reservoir made it necessary and, therefore, her damages are compensable.

The distinction urged by appellant—that damages resulting from the relocation of a road made for reasons of safety and convenience are not compensable, but are compensable if made for other reasons,— even if valid, has no application in the instant case. This for the reason that the facts do not disclose any compensable damage to appellant's property or property rights.

Appellant's argument assumes that a landowner has a property right in the flow of traffic on a highway adjacent to his property. This is not so. The owner of land abutting on a street or highway has no property or other vested right in the flow of traffic on that street or highway and is not entitled to compensation when that flow of traffic is diminished as a result of eminent domain proceedings.[2] As stated in a concurring opinion [3] by the late Justice Wolfe:

" * * * Any losses resulting from unreasonably cutting off their own access to their property or unreasonably interfering with their light and air given by reason of their abutting on a public highway are compensable. But not the loss of flow of traffic from the street into their place of business. *The law does not give them a vested right in the business which travel along a public highway may have afforded them.*" (Emphasis added.)

1. See Springville Banking Co. v. Burton, 10 Utah 2d 100, 349 P.2d 157.
2. Robinett v. Price, 74 Utah 512, 280 P. 736.

3. State by State Road Commission v. Rozzelle, 101 Utah 464, 469, 120 P.2d 276, 278.

The diminution in value of appellant's business property caused by the loss of the flow of traffic to or past her place of business is not compensable.

Affirmed. Costs to respondent.

WADE, C. J., and HENRIOD, Mc-DONOUGH and CROCKETT, JJ., concur.