**M. L. SEARS et al., Plaintiffs and Appellants,**

v.

**OGDEN CITY, a body politic, et al., Defendants and Respondents.**

**No. 13647.**

Supreme Court of Utah.

July 11, 1975.

Pete N. Vlahos of Vlahos & Gale, Ogden, for plaintiffs and appellants.

L. Kent Backman, Ogden City Atty., Ogden, for defendants and respondents.

## ON REHEARING

HENRIOD, Chief Justice:

Respondents, filed a petition for rehearing in this matter, which was granted, but our decision, 533 P.2d 118, after hearing, now is reaffirmed.

After review of all the briefs and arguments, we are of the opinion that petitioners' brief and that of amicus curiae raise no points that were not considered on the appeal and that their understandable assertion to the effect "they feel that the issues before the Court . . . were not fully understood and resolved" is not supported by anything in their briefs or elsewhere, but simply appear to be a repetition of arguments already urged but rejected and now re-rejected by this Court.

TUCKETT and MAUGHAN, JJ., concur.

CROCKETT, Justice (dissenting from opinion as written, and commenting on the issues).

I am somewhat at a loss to understand why this court grants a rehearing unless there is some reason for further exploring the issues in the case. I therefore offer the following observations:

It seems to be conceded by all concerned: (1) that the Ogden City Council has authority to vacate the street in question;[1] (2) that when it does so the City's right to the land occupied by the street is relinquished and it reverts to private ownership;[2] (3) that the Board of Education is the abutting landowner, and thus the land occupied by the street would revert to the Board of Education.[3]

The difficulty here has arisen because, in addition to the process just delineated, the ordinance vacating the street also purported to expressly convey the land to the Board of Education. Justice Tuckett's original opinion in this case correctly observed that the City Council had no authority to *give* away the City's property.[4] I agree that the latter part of the ordinance is for that reason invalid. But, except for pointing out that impropriety, the result in this controversy would be the same, if that part of the ordinance were disregarded. I therefore think the two parts of the ordinance should be regarded as severable; and that the invalidation of one part does not necessarily invalidate the other.

I further observe that even under the majority opinion of this court, I can see no reason why the City Council could not now pursue proper procedure to vacate the street and let the legal consequences follow, which would have the same effect of letting the Board of Education have the land to use in connection with its educational purposes and programs. But it should further be noted that this does not settle any other "right of way and easements therein"[5] which may exist.

ELLETT, J., concurs in the views expressed in the dissenting opinion of CROCKETT, J.

1. Section 10–8–8.1, U.C.A.1953.

2. Section 10–8–8.5, U.C.A.1953.

3. Bosokovich v. Midvale City, 121 Utah 445, 243 P.2d 435 (1952); Knight v. Thomas, 35 Utah 470, 101 P. 383 (1909).

4. See 56 Am.Jur.2d, p. 606; procedure for disposing of city property see Sec. 10–8–2, U.C.A.1953; cf. Stone v. Salt Lake City, 11 Utah 2d 196, 356 P.2d 631.

5. See concluding language of Sec. 10–8–8.5, U.C.A.1953; and see the Boskovich case, footnote 3 above.