2006 UT App 465

### OAK LANE HOMEOWNERS ASSOCIATION, Plaintiff and Appellant,

v.

Dennis L. GRIFFIN and Renae Griffin, Defendants and Appellees.

Dennis L. Griffin and Renae Griffin, Counterclaim Plaintiffs and Appellees,

v.

Marcus Barney, Heather Barney, Rick C. Farr, and Claude (Rick) Farr Jr., as Co-Trustees of the Toni C. Farr Living Trust; Andrew Steven Wilson; Charles Campbell; Oak Lane Associates; and The Oak Lane Homeowners' Association, Counterclaim Defendants and Appellants.

No. 20050140–CA.

Court of Appeals of Utah.

Nov. 24, 2006.

UT 118, ¶ 22, 62 P.3d 444, and "any authority previously exercised over [D.K.]," Utah Code Ann. § 78–3a–602(11).

J. Bryan Quesenberry and Stephen Quesenberry, Hill Johnson & Schmutz LC, Provo, for Appellants.

Scott M. Ellsworth and R. Christopher Preston, Smith Hartvigsen PLLC, Salt Lake City, for Appellees.

Before Judges GREENWOOD, DAVIS, and ORME.

## OPINION

DAVIS, Judge:

¶1 The Oak Lane Homeowners Association (the Association) appeals the trial court's grant of Dennis L. and Renae Griffin's motion for partial summary judgment. We reverse and remand.

## BACKGROUND

¶2 The four homeowners of the Association and the Griffins are neighbors in a residential subdivision in Alpine, Utah. This case arose out of a disagreement over whether Oak Lane, a road providing access to the Association members' homes and the Griffins' home, is public property or the private property of the Association. The Association members' homes are located in a cul-de-sac, and Oak Lane is the exclusive means of access. The Griffins' home is not in the cul-de-sac proper and is accessible from both Oak Lane and High Bench Road, which runs perpendicular to Oak Lane.

¶3 The history of Oak Lane began approximately thirty years ago. On April 26, 1976, the Alpine City Council (the Council) adopted Alpine City Zoning Ordinance 01–76, which governed zoning decisions during the development of the subdivision. *See* Alpine, Utah, Zoning Ordinance 01–76 (April 26, 1976). Chapter III, section B of the 1976 ordinance states that "every lot within the city ... shall have frontage upon a dedicated or publicly-approved street or upon a common-use private lane, or other private lane, approved by the Planning Commission." *Id.* The ordinance defines common-use private lane but does not define other forms of private lanes. *See id.* In December 1976, the Alpine City Planning Commission (the Commission) voted in favor of a moratorium on private lanes, but expressly exempted Oak Lane from the moratorium because Oak Lane had been previously designated as a private lane. Later that month, on December 13, 1976, the Council approved the moratorium on private lanes and affirmed Oak Lane's exemption from the moratorium.

¶4 On January 13, 1977, the Council approved the subdivision's original plat map, which contained language indicating that the developer intended Oak Lane to be a private lane. The plat map contains both an "Owners' Dedication" section and an "Acceptance by Legislative Body" section. In both sections the language dedicating Oak Lane as a public road is stricken-through.[1]

1. The "Owners' Dedication" section appears as follows:
   Know all men by these presents that we, all of the undersigned owners of all of the property described in the surveyor's certificate hereon and shown on this map, have caused the same to be subdivided into lots, blocks, streets and easements ~~and do hereby dedicate the streets~~ ~~and other public areas as indicated hereon for perpetual use of the public.~~
   The "Acceptance by Legislative Body" section appears as follows:
   The City Council of Alpine City, County of Utah, approves the subdivision ~~and hereby accepts the dedication of all streets, easements, and other parcels of land intended for public~~

¶ 5 The Association filed suit to prevent the Griffins from using Oak Lane, and the Griffins counterclaimed against the Association. Each side filed motions for summary judgment. The trial court granted the Griffins' motion for partial summary judgment, holding that the Griffins had a right to access their lot through Oak Lane because the lane was deemed a common-use private lane open to the public under the terms of the Alpine City Zoning Ordinance, chapter III(G). *See id.* The Association appealed.

## ISSUE AND STANDARD OF REVIEW

¶ 6 The Association contends that summary judgment was improper because issues of material fact exist regarding Oak Lane's status as a common-use private lane. We may affirm a grant of summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). Furthermore, when "reviewing a grant of summary judgment" we give "no deference to the trial court's conclusions of law: those conclusions are reviewed for correctness." *Goodnow v. Sullivan,* 2002 UT 21, ¶ 7, 44 P.3d 704 (quotations and citation omitted).

## ANALYSIS

¶ 7 Chapter III, section B of the 1976 Alpine City Zoning Ordinance requires that "every lot within the city ... shall have frontage upon a dedicated or publicly-approved street or upon a common-use private lane, or other private lane, approved by the Planning Commission." Alpine, Utah, Zoning Ordinance 01–76 (April 26, 1976). Section G of the same ordinance describes a common-use private lane as a lane that "provide[s] vehicular access to more than one but no more than four (4) residential dwelling units" and is "established on a twenty-four (24) foot public easement." *Id.* § G. Publicly approved streets and other private lanes are not defined in the ordinance. The trial court

purposes for the perpetual use of the public

determined that Oak Lane was a common-use private lane because (1) "[t]he 1976 Ordinance provided for the creation of a 'common-use private lane'"; (2) although a moratorium was placed on the development of lanes before the Council approved the subdivision, the subdivision was expressly exempted by the Commission and the Council; (3) the Commission approved Oak Lane as a common-use private lane; and (4) the Council approved a plat map labeling Oak Lane a "private lane."

¶ 8 We disagree with the trial court's conclusions for several reasons. We note at the outset that it has not been conclusively shown that the Commission specifically approved Oak Lane as a common-use private lane. The trial court states in its ruling that "[p]rior to enacting the moratorium, the [Commission] approved Oak Lane as a 'common-use private lane,'" but we have found no evidence of this in the record and the Griffins refer us to none. At best, the record shows that the Commission and the Council referred to Oak Lane as a "private lane" in their meetings and on the approved plat map. This, combined with the fact that language dedicating Oak Lane to the public is stricken in both the "Owners' Dedication" and "Acceptance by Legislative Body" sections of the plat map, lead us to conclude that a factual issue exists regarding the Commission's and the Council's actions regarding Oak Lane.

¶ 9 Further, although we agree that the evidence indicates the subdivision was subject to the 1976 ordinance despite the moratorium, it does not necessarily follow that Oak Lane is by force of law a common-use private lane. Nothing in the ordinance mandates the use of common-use private lanes—rather, the ordinance refers to both common-use private lanes and "other private lane[s]." Alpine, Utah, Zoning Ordinance 01–76 (April 26, 1976). Moreover, the plain terms of the ordinance appear to exclude Oak Lane from the common-use private lane category because Oak Lane services more than four residential units. *See id.* While it is possible that the Council approved Oak Lane as a common-use private lane despite this defect, it is not beyond dispute that the Council

. . . .

intended to make an exception to the ordinance or that it had the authority to do so.

## CONCLUSION

¶ 10 Accordingly, we hold that the question of whether Oak Lane was deemed a common-use private lane presents a disputed issue of material fact.[2] We reverse the order granting the Griffins' motion for partial summary judgment and remand for further proceedings.

¶ 11 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, and GREGORY K. ORME, Judge.

---

**2.** We do not address the legal effect of the actions of the Commission and the Council because they were neither addressed by the trial court nor adequately briefed on appeal.